UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUSUF F. DIXON,

                       Plaintiff,

-against-

BRETT WING; JOHN HUNKER; ELEANOR FALLON; JANE DOE,

                       Defendants.

23-CV-0227 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Securing the Protection of Our Enduring and Established Constitutional Heritage Act (SPEECH Act), 28 U.S.C. § 4101, and federal criminal statutes.[1] By order dated January 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] On the same day that Plaintiff filed this suit, he brought two others. *See Dixon v. Biden*, No. 23-CV-0226 (LTS) (S.D.N.Y. Jan. 11, 2023) (dismissed as frivolous); *Dixon v. Jenkins*, No. 23-CV-0225 (S.D.N.Y.). Plaintiff also has pending another recently filed action. *See Dixon v. Raymat*, No. 22-CV-10910 (S.D.N.Y.).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Yusuf Dixon alleges that his claims have arisen on "multiple dates since 2013 or 2014." (ECF 2 at 5.) The events giving rise to his claims took place at "Shoprite's of Westchester and outside of said Shoprite's." (*Id.*)[2] Plaintiff further alleges the following:

> Defamation of character 28 U.S. Code 4101 Conspiracy to murder 18 U.S. Code § 1117 Interfering with Agency Funtions 36 CFR § 2.32 (Dealings in obcene mather) 18 U.S.C. § 371 conspiracy to Defraud the United States 18 U.S.C. § 242. Deprivation of rights under color of law
>
> Conspiring with People, companys, Police, and other Government officials, to cause bodily harm, and has a result people got hurt.
>
> They are interFering in Family court, criminal court, D.S.S, C.P.S. Shelter and the United State's Corporation.

(*Id.*)[3]

Plaintiff seeks $100 billion, a "full investigation" and "for them to stop interfering with [his] family court case." (*Id.* at 6.)

## DISCUSSION

Even when the complaint is read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court concludes that there is no legal theory on which Plaintiff can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

---

[2] All spelling and punctuation in all quoted material is from the original.

[3] These allegations against Shoprite corporate officials are identical to those that Plaintiff brought against President Joseph Biden, Vice President Kamala Harris, Department of Homeland Security Secretary Alejandro Mayorkas, and New York City Mayor Eric Adams in *Dixon v. Biden*, No. 23-CV-0226.

Plaintiff invokes the SPEECH Act, 28 U.S.C. § 4101, which precludes enforcement of certain foreign defamation judgments. *See, e.g., Hyman v. Mashantucket Pequot Indian Tribe of Connecticut*, No. 3:21-CV-00459 (KAD), 2022 WL 2078187, at *4 (D. Conn. June 9, 2022) (holding that the SPEECH Act "addresses the use of foreign defamation judgments to chill free speech"). Plaintiff's complaint does not plead any facts implicating this federal statute, and his claims thus do not arise under Section 4101.

Plaintiff cannot initiate the prosecution of federal charges against an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Plaintiff also cannot obtain an order directing prosecuting attorneys to initiate a criminal proceeding against Defendants because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's allegations, invoking federal criminal statutes, must therefore be dismissed for failure to state a claim on which relief can be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   January 13, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge